UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| QSL of Medina, Inc., *et. al.*,[1] ) | |
| ) | Case No. 15-[_____] |
| Debtors. ) | (Request for Joint Administration |
| ) | Pending) |
| ) | |
| ) | Hon. Judge Alan M. Koschik |
| ) | |

**DEBTORS' MOTION FOR AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES; AND (II) APPROVING CAPTION FOR
JOINTLY ADMINISTERED CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move to the court for entry of an order, pursuant to section 342 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 1005, 1015(b), and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (ii) approving a caption for the jointly administered cases.

In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in

---

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses are: QSL of Medina, Inc. (8260); QSL Operations, Inc. (2667); QSL Management, Inc. (1988); Quaker Steak & Lube Franchising Corporation (1589); Quaker Steak & Wings, Inc. (7669); QSL Sauces, Inc. (8951); QSL Intellectual Properties Corporation (9985); QSL of Buffalo, Inc. (6439); QSL of Sheffield, Inc. (5326); QSL of Plano, Inc. (6701); QSL of Warren, Inc. (3865); QSL of Independence, Ohio, Inc. (0166); QSL of Newport News, Inc. (3858); QSL of Lakewood, Inc. (1575); QSL of Harrisonburg, Inc. (4832); QSL of Concord, Inc. (9262); QSL of Carrollton, Inc. (7632); QSL of Fort Wayne, Inc. (3079); Lube Holdings, Inc. (6457); Best Wings USA, Inc. (1339); QSL of Wheeling, Inc. (2220); QSL of Vermillion, Inc. (5207); QSL of Springfield, Inc. (9745); QSL of Springfield Realty, Inc. (9589); QSL of Fredericksburg, Inc. (4887); QSL of Medina Reality, Inc. (8418); and Lube Aggregator Inc. (1263).

{5365753:}

possession of their property and are operating and managing their business, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Affidavit and Statement of Gregory R. Lippert in Support of Chapter 11 Petitions and First Day Motions (the "Lippert Affidavit"), filed contemporaneously with this Motion and fully incorporated herein by reference.[2]

## Relief Requested

4. The Debtors consist of 27 separate legal entities that are in one way or another related to the Quaker Steak & Lube® restaurant brand and operations. The Debtors, however, operate in an integrated manner that requires the chapter 11 cases to be jointly administered. Because of this integrated nature of operations, the expense and potential confusion of running separate chapter 11 cases would materially hamper the Debtors' restructuring efforts and drive up administrative costs.

**A. Request for Joint Administration of the Chapter 11 Cases**

5. Bankruptcy Rule 1015(b) provides in pertinent part that, "[i]f … two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2)(A) of the Bankruptcy Code provides

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Lippert Affidavit.

{5365753:} 2

that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor …."

6. The Debtors are corporate entities and are affiliated through common ownership. Thus, the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and joint administration of their estates are appropriate under Bankruptcy Rule 1015(b). Accordingly, the Debtors request that their chapter 11 cases be jointly administered for procedural purposes only.

7. The joint administration of the Debtors' cases will have a number of beneficial effects. Joint administration will permit the Clerk of this Court to utilize a single general docket for these cases, which will assist both the Court and all parties in interest to more easily track substantive matters related to the cases. The Debtors anticipate that numerous notices in these cases will affect each of the Debtors and their estates. Joint administration will allow the Debtors and the Court, as appropriate, to combine those notices, thus significantly reducing the noticing burden in the cases. Joint administration will also in many instances significantly reduce the volume of paperwork and make administrative tasks of the Court and parties in interest less burdensome, costly, and time-consuming.

8. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

B. **Request for a Consolidated Case Caption**

9. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| QSL of Medina, Inc., *et. al.*,[1] | ) |
| | ) Case No. 15-[_____] through [15- |
| Debtors. | ) _____] |
| | ) (Jointly Administered under Case No. |
| | ) 15-_____) |
| | ) |
| | ) Hon. Judge Alan M. Koschik |

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses are: QSL of Medina, Inc. (8260); QSL Operations, Inc. (2667); QSL Management, Inc. (1988); Quaker Steak & Lube Franchising Corporation (1589); Quaker Steak & Wings, Inc. (7669); QSL Sauces, Inc. (8951); QSL Intellectual Properties Corporation (9985); QSL of Buffalo, Inc. (6439); QSL of Sheffield, Inc. (5326); QSL of Plano, Inc. (6701); QSL of Warren, Inc. (3865); QSL of Independence, Ohio, Inc. (0166); QSL of Newport News, Inc. (3858); QSL of Lakewood, Inc. (1575); QSL of Harrisonburg, Inc. (4832); QSL of Concord, Inc. (9262); QSL of Carrollton, Inc. (7632); QSL of Fort Wayne, Inc. (3079); Lube Holdings, Inc. (6457); Best Wings USA, Inc. (1339); QSL of Wheeling, Inc. (2220); QSL of Vermillion, Inc. (5207); QSL of Springfield, Inc. (9745); QSL of Springfield Realty, Inc. (9589); QSL of Fredericksburg, Inc. (4887); QSL of Medina Reality, Inc. (8418); and Lube Aggregator Inc. (1263).

10. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the dockets for each affiliated Debtor to reflect the joint administration of the cases:

> An order (the "Joint Administration Order") has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of QSL of Medina, Inc.; QSL Operations, Inc.; QSL Management, Inc.; Quaker Steak & Lube Franchising Corporation; Quaker Steak & Wings, Inc.; QSL Sauces, Inc.; QSL Intellectual Properties Inc.; QSL of Buffalo Inc.; QSL of Sheffield, Inc.; QSL of Plano, Inc.; QSL of Warren, Inc.; QSL of Independence, Ohio Inc.; QSL of Newport News, Inc.; QSL of Lakewood, Inc.; QSL of Harrisonburg, Inc.; QSL of Concord, Inc.; QSL of Carrolton, Inc.; QSL of Fort Wayne, Inc.; Lube Holdings, Inc.; Best Wings USA, Inc.; QSL of Wheeling, Inc.; QSL of Vermillion, Inc.; QSL of Springfield, Inc.; QSL of Springfield Realty, Inc.; QSL of Fredericksburg, Inc.; QSL of Medina Reality, Inc.; and Lube Aggregator Inc. The docket in Case No. 15-_____ should be consulted for all matters affecting these cases.

11. Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in the Debtors' cases should include, in the caption, the applicable Debtor's name, address, employer identification number, last four digits

of social security number; any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. See; e.g., 11 U.S.C. § 342; Fed. R. Bankr. P. 1005, 2002(n). The failure to include the preceding information in such notice, however, does not invalidate the notices. See 11 U.S.C. § 342(c). Moreover, Bankruptcy Rule 2002 provides that the Court may establish the form of notices served in these bankruptcy cases. See Fed. R. Bankr. P. 2002(m). Accordingly, to further streamline the administration of the Debtors' chapter 11 cases, and to provide for consistent noticing procedures after joint administration, the Debtors request approval of a single caption for the jointly administered cases as identified above.

12. The Debtors submit that use of this simplified caption, naming QSL of Medina, Inc. as the first of the Debtors, and omitting reference to each Debtor's respective state of incorporation, addresses, tax identification numbers, and previous names, will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification. Such information is included in the petitions for each respective Debtor, and such petitions are publicly available to parties-in-interest or will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

13. The relief request herein has been granted by this District in the past. See, e.g., In re B&C Corporation, Inc., Case No. 09-51455 (MSS) (Bankr. N.D. Ohio April 10, 2009); In re Republic Engineered Products Holdings LLC, Case No. 01-51117 (MSS) (Bankr. N.D. Ohio October 8, 2003); In re Republic Technologies International, LLC, Case No. 03-55118 (MSS) (Bankr. N.D. Ohio April 3, 2001); In re Nexpak Corp., Case No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004); In re WCI Steel, Inc., Case No. 03-44662 (KW) (Bankr. N.D. Ohio September 17, 2003).[3]

---

[3] Copies of unreported orders are available upon request to Debtors' counsel.

{5365753:}   5

14. Finally, an order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

15. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases. The Debtor further requests that a docket entry reflecting the joint administration in the same or substantially the same form as contained in this proposed order accompanying this Motion, be made in each of the Debtors' cases.

## Notice

16. No trustee, examiner or official committee has been appointed in the Debtors' chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims; (iii) Wells Fargo, National Association; (iv) United Capital Business Lending, Inc.; (v) The Cortland Savings & Banking Company; (vi) The Farmers National Bank of Canfield; (vii) Scott's Buffalo Wings, Inc.; (viii) TravelCenters of America LLC; and (ix) the District Director of Internal Revenue. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) approving joint administration of the Debtors' chapter 11 cases for procedural purposes only; (ii) approving caption for jointly administered cases; and (iii) granting such other and further relief as is proper and just.

Dated: November 16, 2015						Respectfully submitted,

/s/Scott N. Opincar
Scott N. Opincar (0064027)
Michael J. Kaczka (0076548)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION